**Willie FREEMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43495.**

Court of Criminal Appeals of Texas.

March 10, 1971.

**152**

Robert C. Jackson, Jr., Corsicana (Court-appointed), for appellant.

Jimmy Morris, Dist. Atty., Corsicana, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is assault upon a peace officer with intent to murder, under Art. 1160a, Vernon's Ann.P.C.; the punishment, ninety-nine (99) years.

The appellant's first four grounds of error grow out of the failure of the indictment to include the word "peace" before the word "officer." The indictment, omitting the formal parts, reads as follows:

"Willie Freeman * * * did then and there unlawfully with malice aforethought, shoot Bob Parrish with a pistol with intent then and there to murder the said Bob Parrish. The said Bob Parrish then and there being an officer, to wit, a Texas Highway Patrolman, and then and there in the lawful discharge of the duties of the Texas Highway Patrol, and the said defendant then and there being informed and knowing that the said Bob Parrish was then and there an officer discharging an official duty. * * *"

While it is essential to allege that the person assaulted was a peace officer in prosecutions under Art. 1160a, supra, we conclude that this was done when the indictment named him as a Texas Highway Patrolman. Art. 2.12, Vernon's Ann.C.C.P. reads in part as follows:

"The following are peace officers: * * officers commissioned by the Public Safety Commission and the Director of the Department of Public Safety * *"

The Highway Patrol was placed under the jurisdiction of the Department of Public Safety by the terms of Art. 4413(12), Vernon's Ann.Tex.Civ.St.

Appellant's first four grounds of error are overruled.

Appellant's fifth ground of error relates to five complaints as to the court's charge. Not indexed in the transcript but appearing there, we find that counsel dictated several objections. There is no showing that these remarks of counsel were ever reduced to writing and presented to the trial court or ever called to the attention of the court or acted upon by the trial court. This Court does not pass upon objections to the court's charge which are not reduced to writing and presented to the trial court prior to his reading the charge to the jury. Arts. 36.14 and 36.15, V.A.C.C.P.; Sockwell v. State, Tex.Cr.App., 429 S.W.2d 460; Seefurth v. State, Tex.Cr.App., 422 S.W.2d 931; Smith v. State, Tex.Cr.App., 415 S.W.2d 206.

Finding no reversible error, the judgment is affirmed.