**Rickey Lee BRACKENRIDGE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45531.**

Court of Criminal Appeals of Texas.

Jan. 17, 1973.

Kerry P. FitzGerald, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DICE, Special Commissioner.

The conviction is for aggravated assault upon a police officer; the punishment, one (1) year in jail.

It was shown by the State's testimony that on the night in question Officer McMillan of the Dallas Police Department, in response to a disturbance call proceeded to a certain address in the city. After being invited inside by appellant's father, the officer went into the house and walked to a back bedroom where appellant was sitting on a bed. Noticing blood on appellant's shirt, the officer asked appellant what happened and was told by appellant that he had caught his wife running around and that he had hit her "a few times." Officer McMillan then told appellant that he would have to come with him to see if they could find her. Appellant proceeded to get off the bed, grab the officer's flash light with his left hand and strike him "up beside the head" with his right hand. A struggle en-

sued which covered from the bedroom to the bathroom and into the living room. Appellant then escaped, ran into the bedroom closet where he climbed down through a "scuttle door" and underneath the house. Appellant was thereafter apprehended underneath the house and placed under arrest.

As a witness in his own behalf, appellant testified that when Officer McMillan entered his bedroom and asked what had happened between him and his wife, he told him. Appellant stated that the officer never told him he was under arrest, but when the officer did say, "Come on let's go out in the yard" appellant then reached down to get his shoes and the officer jumped on his back. Appellant stated that Officer McMillan then proceeded to choke him and struck him on the head. A scuffle then ensued between the two from the bedroom to the bathroom and appellant escaped underneath the house where he was arrested.

Appellant presents one ground of error which reads:

"The trial court committed reversible error in refusing to instruct the jury on the law of self-defense when properly and timely requested to do so by appellant."

It is the State's position that the record does not show the appellant's requested charge was presented to the trial court prior to reading of the court's charge to the jury as required by Articles 36.14 and 36.15, Vernon's Ann.C.C.P., and that nothing is presented for review; citing Freeman v. State, Tex.Cr.App., 464 S.W.2d 151; Gibbs v. State, Tex.Cr.App., 468 S.W.2d 69, and Linebarger v. State, Tex.Cr.App., 469 S.W.2d 165.

The record reflects that at the conclusion of the testimony the following transpired:

"THE COURT: Mr. Banks, what says the State?

"MR. BANKS: We close, Your Honor.

"THE COURT: What says the Defendant?

"MR. SMITH: We will close, Your Honor.

"THE COURT: Close the testimony. Do you have any objections to the Court's charge, Mr. Smith?

"MR. SMITH: Your Honor, I would like to present one.

"THE COURT: In writing?

"MR. SMITH: Yes, sir.

"THE COURT: All right, sir.

"(At this point, the Judge read the Court's charge to the jury, jury arguments were presented by both sides, after which the jury retired for its deliberations in the case.)"

Also appearing in the record is the following:

"CCR 70–2271

"RICKY LEE BRACKENRIDGE—
Appellant

"vs.

"THE STATE OF TEXAS—Appellee

"DEFENDANT'S REQUESTED
CHARGE

"That if you believe from the evidence that the arrest was unlawful, the Defendant has the right to use reasonable force to extricate himself from such unlawful arrest.

"Respectfully submitted

"Don G. Smith

"Filed
Tom E. Ellis, County Clerk
June 16, 1971
County Criminal Court
Dallas County, Texas
By Florence Milam, Deputy"

While the requested charge appears to have been filed with the Clerk, there is no showing that it was presented to the court and acted upon prior to reading of the court's main charge to the jury. Under

the record it appears that appellant waived any error in the charge and nothing is presented for review. See Monroe v. State, Tex.Cr.App., 465 S.W.2d 757, and the cases above cited and relied upon by the State.

 We further observe that had appellant's requested charge been timely presented to the court and refused, no error would be shown. Appellant in this testimony made no claim that he was attempting to extricate himself from an unlawful arrest. Appellant's defense was that he did not assault the officer at all. See Clark v. State, Tex.Cr.App., 35 S.W. 149.

The judgment is affirmed.

Opinion approved by the Court.