**Charles Harvey GILL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 49034.

Court of Criminal Appeals of Texas.

Nov. 20, 1974.

Dissenting Opinion on Denial of Rehearing
March 26, 1975.

Second Rehearing Denied April 23, 1975.

Second Motion for Rehearing Denied
May 7, 1975.

Randy Schaffer, Houston, on appeal only, for appellant.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III & Stanley Topek, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

The offense is murder with malice; the punishment, life.

Appellant contends he was denied a reasonable time to present written objections to the charge as guaranteed him by Article 36.14, Vernon's Ann.C.C.P. The sentence of that article at issue provides:

"Before said charge is read to the jury, the defendant or his counsel *shall* have a reasonable time to examine the same and he *shall* present his objections thereto in writing, distinctly specifying each ground of objection." (Emphasis added.)

Following dictation of his objections to the court reporter, appellant objected to not being allowed to have his objections typed up and filed prior to submission of the charge to the jury, as required by that

portion of Article 36.14, quoted above. Appellant's counsel was fully aware of the consistent holdings of this Court[1] that the second "shall" above quoted is mandatory, and that objections dictated to the court reporter are insufficient to comply therewith. Being aware of this requirement, appellant endeavored to exercise his right under the first "shall," designed to insure an opportunity to comply with the second "shall."

█ It often and heretofore consistently has been held to the detriment of many an appellant that the latter "shall" is mandatory. In Seefurth v. State, 422 S.W.2d 931, referring to Articles 36.14 and 36.15, V.A. C.C.P., this Court in a unanimous opinion stated:

"These articles are ones the Legislature had a right to enact, and are statutes which the Courts can neither ignore nor emasculate . . .

"These articles are mandatory and there must be strict compliance with their provisions. . . ."

The first "shall," designed for the protection of the accused and essential if the accused is to be accorded a reasonable opportunity to comply with the second "shall," likewise cannot be ignored or emasculated. Both are mandatory and of both we must require strict compliance. Where the Legislature has decreed that an accused be accorded this right, and where this Court has held that upon the balance of the exercise of that right hangs his only chance to challenge the charge or forever be barred, it is essential that a defendant's timely request to be allowed the exercise of that right be honored.

█ The State in its brief suggests that appellant was accorded "a reasonable time to examine" the charge. The docket sheet, which is the only reflection in the record of the time elapsed, reads:

". . . Court reconvened at 1:00 p. m. Charge was prepared and presented to the Defendant and State's counsel charge filed and read to the jury. Arguments began at 1:05 p. m. . . ."

As to what occurred, the record reflects that following appellant's oral objections he excepted to the court's suggested stipulation that:

"The aforementioned objections as dictated have been timely filed and to which all parties agree that the same can be typed up at a later date and dated as of this date. . . ."

and he further requested that his objections be then typed up to conform with the requirements of the Code of Criminal Procedure. While it is true that the trial court has discretion in determining when an appellant has been accorded a "reasonable time," and it is also true that a defendant will not be permitted to abuse his right to a "reasonable time" by waiting until he has already had sufficient time and then asserting his right to an additional period of "reasonable time," in the case before us we find no such abuse of the right by appellant, and do find that the court abused its discretion in refusing any reasonable time to appellant to reduce his objections to writing. Such abuse of discretion constitutes a serious deprivation of appellant's rights and requires reversal.

For the error discussed, the judgment is reversed and the cause remanded.

---

1. E. g., Black v. State, 503 S.W.2d 554; Quintanilla v. State, 501 S.W.2d 329; Turner v. State, 497 S.W.2d 593; Ross v. State, 486 S.W.2d 339; Grant v. State, 472 S.W. 2d 531; Gonzales v. State, 467 S.W.2d 454; Freeman v. State, 464 S.W.2d 151; Cole v. State, 458 S.W.2d 195; Harris v. State, 457 S.W.2d 903; Hatke v. State, 455 S.W. 2d 310; Baity v. State, 455 S.W.2d 305; Thayer v. State, 452 S.W.2d 496; Clark v. State, 445 S.W.2d 516; Walker v. State, 440 S.W.2d 653; Henry v. State, 433 S.W. 2d 430; Villarreal v. State, 429 S.W.2d 508; Sockwell v. State, 429 S.W.2d 460.

## DISSENTING OPINION ON STATE'S MOTION FOR REHEARING

DOUGLAS, Judge.

The majority overrules the State's motion for rehearing without written opinion. The judgment was reversed on original submission on the ground that the trial court did not allow sufficient time for appellant to file written objections to the charge.

The State in the original brief submitted that appellant was accorded a reasonable time to examine the charge. To show insufficient time was allowed for objections to the charge, the original opinion cited a docket entry as follows:

"... Court reconvened at 1:00 p. m. Charge was prepared and presented to the Defendant and State's counsel charge filed and read to the jury. Arguments began at 1:05 p. m. ..."

The State in its motion for rehearing contends, in part, as follows:

"... It is respectfully submitted that the docket sheet merely reflects that the court was reconvened at 1:00 P.M. It then further reflects that a charge was prepared at some previous time and presented to the defendant and State's counsel prior to the time that it was filed and read to the jury. It then reflects that argument was begun at 1:05 P.M. To assume from this docket entry that the court in fact reconvened at 1:00 P.M., prepared its charge, gave it to both parties, and arguments were begun at 1:05 P.M. is fantastic in light of the record which shows:

(1) Almost four pages of objections to the charge and dialogue by the appellant at the afternoon session before the charge was read to the jury.

(2) Defendant's requested charge No. 1 consisting of two and a half typewritten pages, together with the order of the court thereon refusing the requested charge.

(3) Defendant's requested charge No. 2 consisting of over one-half page typewritten requested charge, together with the court's order refusing said requested charge.

(4) The charge of the court on guilt consisting of six typewritten pages [not including verdict forms]."

The appellant has not shown how much time that he had to prepare written objections to the charge.[1]

The trial judge should not have requested counsel for appellant to stipulate that oral objections should be made and reduced to writing later. This record shows that appellant had some time to examine the charge. The record contains no request for additional time.

Bingham v. State, 163 Tex.Cr.R. 352, 290 S.W.2d 915 (1956), cert. denied 352 U.S. 858, 77 S.Ct. 79, 1 L.Ed.2d 64, was a murder case. In an opinion by Judge Davidson, this Court held:

"The length of time accorded by a trial court to an accused within which to prepare and file his exceptions to the court's charge is a matter that largely comes within the discretion of the trial court. His action in the matter will be reviewed only to determine whether an abuse of that discretion has occurred. Curry v. State, 157 Tex.Cr.R. 237, 248 S. W.2d 166, and authorities there cited."

1. After the original opinion was written, a certificate, filed by the trial judge showing that the court completed its charge at 10:25 a. m. and presented it to the attorney, and the court recessed at 11:30 a. m. until 1:00 p. m., was sent to this Court. Even without considering this certificate, the record shows more time was allowed than reflected by the docket sheet and the majority opinion.

The Court noted that counsel were accorded one hour and thirty-five minutes and that:

"We are unable to conclude that an abuse of that discretion is here shown. . . ."

See Lilley v. State, 273 S.W. 270, 100 Tex.Cr.R. 371 (1925).

In the present case the time allowed for objections to the charge is not shown. Absent this, appellant has not shown an abuse of discretion.

The record shows that the docket entry does not reflect the facts. All of the record and not just a fragment should be considered in making the decision.

The motion should be granted and the judgment affirmed.

ONION, P. J., joins in this dissent.

OPINION

ON STATE'S MOTION FOR LEAVE TO FILE SECOND MOTION FOR REHEARING

ROBERTS, Judge.

 This cause was reversed and remanded on November 20, 1974. We granted the State leave to file its motion for rehearing on January 22, 1975, but the State's motion for rehearing was then overruled without written opinion on March 26, 1975. There was, however, a written dissent to this latter disposition. The State now seeks to file a second motion for rehearing, "pursuant to the rules of the Court of Criminal Appeals."

Our rules permit a motion for leave to file a second motion for rehearing only where the disposition of the prior motion is by written opinion. A written dissent to the disposition of the first motion will not suffice. Art. 44.33, Rule 10, Vernon's Ann.C.C.P. (Supp.1974). Therefore, this motion for leave to file will not be accepted for consideration.

It is so ordered.