Jerry Paul MULLINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 50472.

Court of Criminal Appeals of Texas.

Nov. 26, 1975.

---

John K. Coil, Houston, for appellant.

Tim Curry, Dist. Atty., Stephen R. Chaney and Joe Shannon, Jr., Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In a trial before a jury, appellant was convicted of exhibiting obscene matter, to-wit, an obscene motion picture. Punishment was assessed at a fine of $999.00 and one day in jail.

The record reflects that at all times pertinent to this case appellant Jerry Paul Mullins was the proprietor in charge of the operation of Jerry's Art Flick No. 2, a theater in Fort Worth. On June 18, 1973, Police Officer Franks of the Fort Worth Vice Control and Intelligence Unit purchased a $3.00 ticket, entered the theater, and viewed the motion picture "LOVE LIES WAITING." After seeing the entire film, he left and prepared an affidavit setting forth in detail the prurient nature of the film. On June 20th he presented this affidavit to Hon. Byron Matthews, Judge of the Criminal District Court No. 1 of Tarrant County. Judge Matthews, after reviewing the affidavit, issued his order directing the manager and operator of the theater, and all agents and employees thereof, to retain the

film at the theater without secreting the same or making any alterations pending an adversary hearing. See Art. 527, Sec. 9, V.A.P.C. The hearing was set for June 20, 1973 at 2:30 P.M. Notice of such hearing was served at 11:40 A.M. on June 20. That afternoon Judge Matthews viewed the film and, finding that it was obscene and was being exhibited in violation of Art. 527, V.A.P.C., determined that probable good cause existed for the immediate issuance of a search warrant for its seizure. See *West v. State*, Tex.Cr.App., 514 S.W.2d 433; *Soto v. State*, Tex.Cr.App., 513 S.W.2d 931. The warrant was issued and the film seized. The affidavit and the instruments reflecting the above proceedings of Judge Matthews were introduced in evidence at the trial for the record only, and were not exhibited to the jury.

 At the trial, in addition to other evidence, the film was introduced as State's Exhibit 5, and was exhibited to the jury and was found by the jury to be obscene. The showing of the film is sufficient evidence for a determination of obscenity. *West v. State*, supra; *Soto v. State*, supra. See also *Paris Adult Theatre v. Slaton*, 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446. The film is a part of the appellate record, and we have viewed it. We agree with the jury's verdict that it meets the conditions of "hard core" obscenity set forth in *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973) and in *West* and *Soto*, supra. See also *Goodwin v. State*, Tex.Cr. App., 514 S.W.2d 942.

We conclude that the film was not illegally seized by the officers as contended by appellant and that the evidence is sufficient to sustain the conviction.

 In his second ground, appellant contends the court erred in overruling his motion for continuance filed on February 11, 1974, the day this trial commenced, alleging that his counsel was at that time engaged in an adversary hearing in Justice Court "which had been going on for weeks and will continue until at least March 20, 1974."

Defense counsel testified on his motion before the court when the case was called as follows:

"In the middle of last month an adversary hearing was commenced in Judge Ashmore's Court, and it was going on as late as last Saturday. On Saturday, Judge Ashmore recessed the Court until one o'clock today, and that Court would probably go on, if it had not been interrupted today, until about March 20th, or about two more months, at the pace it had been going."

After the court overruled the motion, counsel proceeded into the trial of the instant case without further reference to the hearing in the Justice Court. The record reflects that prior to this trial he had engaged in a trial involving the same facts as the instant case but with different defendants, and was thoroughly familiar with the case. No harm is shown by reason of the overruling of the motion. No abuse of discretion is shown. *Hernandez v. State*, Tex. Cr.App., 492 S.W.2d 466.

 In the third ground, appellant contends that he was denied a reasonable time in which to present written objections to the court's charge.

The record reflects that the court's charge was submitted to the counsel for both sides at 8:10 p. m. on February 12, 1974, when the evidence was closed. The court gave appellant fifty minutes to file any objections and instructions and excused the jury until 9:00 p. m. Appellant objected to this limited time, stating that he intended to file a number of objections. He asked that the time be extended to 9:00 o'clock the next morning. The court denied his request at 8:15 o'clock p. m., at which time, the record reflects, "both sides are now considering their exceptions and objections to the court's charge."

The next proceeding reflected in the record is the announcement by the court at 9:00 o'clock p. m. that he would allow both sides 30 minutes for argument. The record

does not show what occurred between 8:15 and 9:00. When the court instructed the bailiff at 9:00 o'clock to bring in the jury, appellant again asked for more time, which request was denied by the court. Appellant thereupon dictated oral objections to the charge, which were overruled.

Article 36.14, V.A.C.C.P., as it read at the time of the trial in February, 1974, provided in part:[1]

"Before said charge is read to the jury, the defendant or his counsel *shall* have a reasonable time to examine the same and he *shall* present his objections thereto in writing, distinctly specifying each ground of exceptions." (Emphasis added).

Both of the above emphasized "shalls" have been held to be mandatory, and to require strict compliance. *Gill v. State,* Tex.Cr.App., 521 S.W.2d 866. This Court in appeals from trials prior to the effective date of the amendment noted in footnote 1, supra, will not consider objections to the charge unless same were filed in writing in the trial court and ruled on by the trial court. See *Seefurth v. State,* Tex.Cr.App., 422 S.W.2d 931. It is also required that counsel be afforded reasonable time in which to prepare and file objections and requested charges. See *Gill v. State,* supra; *Bright v. State,* Tex.Cr.App., 516 S.W.2d 193.

■ However, the trial court has discretion in determining when an appellant has been accorded a "reasonable time," and a defendant will not be permitted to abuse his right to a "reasonable time" by waiting until he has already had a sufficient time and then asserting his right to additional time. See *Gill,* supra; *Bright,* supra; *Bingham v. State,* 163 Tex.Cr.R. 352, 290 S.W.2d

915; *Rutherford v. State,* 142 Tex.Cr.R. 440, 154 S.W.2d 478.

In *Gill v. State,* supra, the Court concluded that five minutes was an unreasonable time to allow counsel to prepare and submit written objections to the charge. In *Bright v. State,* supra, this Court found that the trial court abused its discretion in refusing *any* reasonable time. The time allowed was between 9:15 p. m., when appellant was handed a copy of the charge, and 9:20 p. m., when the trial court, refusing to grant the request for additional time, required counsel to dictate orally his objections. In *McCarter v. State,* Tex.Cr.App., 478 S.W.2d 524, the time granted counsel to prepare objections was not shown in the record, but the State conceded that such time was unreasonable.

■ Under the circumstances shown by the record in the instant case, we do not find the fifty minutes allowed by the court to be unreasonable. Neither do we find that the record reflects that counsel made reasonable efforts to utilize the time allowed him to follow the trial court's instructions. Under the circumstances, we conclude that no abuse of discretion by the trial court is shown. *Bingham v. State,* supra; *Rutherford v. State,* supra; *Lilley v. State,* 100 Tex.Cr.R. 371, 273 S.W. 270.

The third ground of error is overruled.

■ The remainder of appellant's grounds of error are merely listed, one following another, without any discussion, argument, reference to the record, or authorities. They do not comply with the requirements of Art. 40.09, Sec. 9, V.A.C.C.P. Nothing is presented for review. See *Ro-*

---

1. Article 36.14, V.A.C.C.P., was amended by the 64th Legislature. See Chapter 253, House Bill No. 207, effective September 1, 1975. As amended, the above portion was changed to read as follows:
 ". . . The requirement that the objections to the court's charge be in writing will be complied with if the objections are dictated to the court reporter in the presence of and with the consent of the court, before the reading of the court's charge to the jury, and are subsequently transcribed, endorsed with the court's ruling and official signature, and filed with the clerk in time to be included in the transcript. Compliance with the provisions of this Article is all that is necessary to preserve, for review, the exceptions and objections presented to the charge and any amendment or modification thereof. . . ."

*berson v. State*, Tex.Cr.App., 513 S.W.2d 572; *Pearce v. State*, Tex.Cr.App., 513 S.W.2d 539; *Cowart v. State*, Tex.Cr.App., 508 S.W.2d 613; *Houston v. State*, Tex.Cr. App., 506 S.W.2d 907.

The judgment is affirmed.

Opinion approved by the Court.

DOUGLAS, J., not participating.