Bernard Vince EVANS, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–93–00079–CR.

Court of Appeals of Texas, Texarkana.

Submitted March 15, 1994.

Decided March 31, 1994.

Rehearing Denied May 10, 1994.

Ming Roschke, College Station, for appellant.

Bill R. Turner, Dist. Atty., Bryan, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Bernard Vince Evans appeals from a conviction for aggravated assault of a peace officer. A jury found him guilty and assessed punishment at four years' incarceration and a $2,000 fine.

Evans contends that the trial court erred (1) in giving an instruction on factual matters favoring the State, (2) in excluding testimony relevant to a defensive theory, (3) in excluding character evidence regarding the victim,

(4) in refusing to instruct the jury on self-defense, (5) in refusing to instruct the jury on defense of property, (6) in refusing to instruct the jury on the legality of the arrest of the defendant, and (7) in refusing to allow a reasonable time to review the jury charge.

The State presented evidence showing the following sequence of events: On August 26, 1990, while Officer Robin Sonsel was patrolling the streets of Bryan, Texas, looking for traffic violators, he spotted a green car with an expired inspection sticker driven by a black male. Sonsel pursued the car but briefly lost sight of it before spotting it again parked on the side of the road. Sonsel drove past the car and observed the defendant, Bernard Evans, a black male, standing beside his residence. Sonsel parked his vehicle, approached Evans, and informed him that he had an expired inspection sticker and an expired license plate, the latter of which Sonsel had noticed after stopping.

The officer asked Evans to produce his driver's license and his proof of insurance, but Evans refused stating that he was on private property and, therefore, he did not have to cooperate. Eventually, Evans did show his driver's license to Sonsel, but he continued to refuse to demonstrate proof of insurance, again explaining that he was on private property. Sonsel wrote three citations—for the inspection sticker, the license, and the failure to show proof of insurance—and attempted to give them to Evans. Evans agreed to sign two of the tickets but refused to sign the proof of insurance citation. Sonsel then told Evans that he was placing him under arrest, but Evans told the officer that he was not going to jail.

Sonsel called for back-up, and, when he returned to Evans, Evans placed his hand inside the front of his pants or shorts and Sonsel ordered him to remove his hand. Evans refused, prompting Sonsel to place his hand on his weapon. After a further warning to remove his hand, Evans took his hand out of his pants and put it in his pocket, so Sonsel again advised him to take out his

hand. Evans asked Sonsel if he was going to shoot him and, after the officer replied that he would not shoot if Evans took his hand out, Evans flung his hands up, asked if he could back up a minute, and then walked toward the side door of the house.

Sonsel followed as Evans began to yell that the officer was not going to take him to jail or shoot him. Evans then moved to enter the residence, prompting Sonsel to grab Evans's arm in an attempt to pin it behind his back. Evans broke free, turned on Sonsel, and struck the officer with his elbow and then attempted to strike him again. Sonsel managed to wrestle Evans to the ground, but Evans rolled them over so that he was on top of Sonsel and commenced battering the officer repeatedly with his fists. Eventually, Evans pulled Sonsel by his hair over to a concrete flower bed where he drove the officer's head into the concrete several times. Evans then continued to batter Sonsel until other officers arrived on the scene.

## JURY INSTRUCTION ON FACTUAL MATTER

Evans first contends that the trial court erred in expressing an opinion on the weight of the evidence in the jury charge. In the general instructions section of the charge, the court stated that

[i]f the offense is a motor vehicle violation such as those described in the evidence in this case, it is lawful for a peace officer to take the person into custody if the person refuses to sign a promise to appear in court.

Evans contends that in this reference to the evidence, the court impermissibly expressed an opinion on the weight of the evidence. *See Daniell v. State,* 848 S.W.2d 145 (Tex. Crim.App.1993) (a judge may not give instructions with regard to factual matters).[1]

■ Defense counsel, however, failed to preserve error in failing to object to the charge on this basis. When no proper objec-

1. In *Daniell v. State,* 848 S.W.2d 145 (Tex.Crim. App.1993), the trial judge was asked by the jury which local correctional facilities were available for the defendant and, over the defendant's objection, the judge replied that he knew of none in

the county but others might be available nearby. The Court of Criminal Appeals held that the trial court committed error in instructing the jury on the facts rather than simply on applicable law. *Id.* at 147.

tion is made at trial, error in the jury charge will mandate reversal only if it is so egregious and created such harm that the defendant did not have a fair and impartial trial. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim.App.1984). In making this determination, the court should examine the harm caused in the light of the entire jury charge, the state of the evidence, and any other relevant information in the record. *Id.*

■ Evans contends that the erroneous passage in the charge was harmful because one of the factual issues to be determined by the jury was whether Evans did commit a traffic offense because this was relevant to whether Sonsel was making a lawful arrest. But, in *Gonzalez v. State,* 574 S.W.2d 135, 137 (Tex.Crim.App. [Panel Op.] 1978), the court held that a conviction for aggravated assault of a peace officer does not depend on whether the arrest being made by the officer was legal. *See also Montoya v. State,* 744 S.W.2d 15 (Tex.Crim.App.1987) (a police officer is still acting within the lawful discharge of his duties when he makes an unlawful arrest, so long as he is acting within his capacity as a peace officer).

The trial court's instruction improperly addressed a factual matter, but this error is not so egregious and does not create such harm to Evans so as to suggest that he did not have a fair and impartial trial. This point of error is overruled.

## EXCLUSION OF TESTIMONY

Evans next contends that the trial court erred in prompting the State to make an objection during defense counsel's cross-examination of Officer Sonsel and in excluding testimony by Sonsel that was relevant to a defensive theory. During defense counsel's cross-examination of Sonsel, she began to ask him questions regarding proper arrest procedure when the trial judge asked counsel for both parties to approach the bench. The judge then asked defense counsel, in the interest of time, why she was pursuing the particular line of questioning. She responded that she intended to show that Sonsel was not lawfully discharging his duty at the time of the assault because he had not seen Evans commit a crime and he did not have an arrest

warrant. The judge then asked the prosecutor if he was happy allowing the questions to continue, and, before he could answer, the judge told defense counsel to continue.

Evans contends that the trial judge had, in effect, informed the prosecutor that an objection against that line of questioning would be sustained. And, in fact, immediately after the bench conference, the prosecutor objected to a question on arrest procedure on the grounds of relevancy and the trial court sustained the objection. Evans also contends that the court erred in sustaining this objection. He suggests that Sonsel's answers to the unasked questions regarding arrest procedure would have demonstrated the illegality of the attempt to arrest Evans and thus they would have shown Sonsel to be the aggressor.

■ In order for a complaint concerning the exclusion of evidence to be considered by an appellate court, the record must show what the excluded testimony would have been. *Stewart v. State,* 686 S.W.2d 118, 122 (Tex.Crim.App.1984). Absent a showing of what such testimony would have been, or an offer of a statement concerning what the excluded evidence would show, nothing is presented for review. *Id.*

In her response to the relevancy objection, defense counsel stated only that Sonsel could not clearly identify Evans as the driver of the car and he only assumed Evans was the driver. Sonsel had already testified that he did not clearly see the driver of the vehicle which he pursued, so this evidence would have been redundant, as well as irrelevant under *Gonzalez,* 574 S.W.2d 135. Evans did not preserve any error on this issue. This point of error is overruled.

## EVIDENCE OF VICTIM'S CHARACTER

■ Evans next contends that the trial court erred in excluding character evidence of the victim. Evidence of a pertinent character trait of the victim of the crime offered by the accused, or by the prosecution to rebut the same, may be admissible under Tex.R.Crim.Evid. 404(a)(1). Opinion testimony and testimony as to a person's reputation are generally the only forms of evidence

admissible to prove character, except when the character of a person is an essential element of a charge, claim, or defense, proof may then be made of specific instances of conduct, and, when character evidence has been admitted, evidence of specific instances of conduct is allowable in rebuttal. TEX. R.CRIM.EVID. 405.

■ Specifically, Evans sought to introduce four reports based on complaints by citizens that Sonsel had used excessive or unnecessary force, or had caused physical injury. Evans contends that these reports were admissible because they would have helped prove that Sonsel had aggressive tendencies and was the aggressor in the present case and Evans merely acted in self-defense. But these reports consist of recitations of specific instances of Sonsel's conduct and not opinion or reputation testimony. The State did not raise the issue of Sonsel's character and the justification theory of self-defense does not inquire into, as an essential element, the character of the victim. Thus, specific instances of Sonsel's conduct were not admissible to prove character. *See* TEX.PENAL CODE ANN. § 9.31 (Vernon 1974) (self-defense); *Hatley v. State*, 533 S.W.2d 27, 29 (Tex.Crim.App.1976) (in prosecution for murder, it is not admissible to show victim's character by isolated acts); *see also Purtell v. State*, 761 S.W.2d 360 (Tex.Crim.App. 1988), *cert. denied*, 490 U.S. 1059, 109 S.Ct. 1972, 104 L.Ed.2d 441 (1989) (murder victim's character was not essential element of capital murder or defense). This point of error is overruled.

## SELF–DEFENSE

■ Evans next contends that the trial court erred in refusing to charge the jury on self-defense. If the issue of self-defense is raised by the evidence, the defendant is entitled to have it submitted to the jury. *Smith v. State*, 676 S.W.2d 584 (Tex.Crim.App. 1984). The credibility of the evidence or whether it is controverted or conflicts with other evidence should not be considered. *Woodfox v. State*, 742 S.W.2d 408, 409 (Tex. Crim.App.1987). The weight of the evidence supporting a defensive charge is immaterial. *Id.* at 410. The defendant need not testify in

order for the evidence to support a defensive charge. *Id.*

Section 9.31 of the Texas Penal Code controls on the issue of self-defense. It states, in relevant part, that

(b) The use of force against another is not justified:

. . . .

(2) to resist an arrest or search that the actor knows is being made by a peace officer, . . . even though the arrest or search is unlawful, unless the resistance is justified under Subsection (c) of this section;

. . . .

(c) The use of force to resist an arrest or search is justified:

(1) if, before the actor offers any resistance, the peace officer . . . uses or attempts to use greater force than necessary to make the arrest or search; and

(2) when and to the degree the actor reasonably believes the force is immediately necessary to protect himself against the peace officer's . . . use or attempted use of greater force than necessary.

TEX.PENAL CODE ANN. § 9.31 (Vernon 1974). Evans submitted requested instructions to the court which follow, almost verbatim, the dictates of Section 9.31, but the trial court refused to submit them to the jury.

Evans contends that the evidence demonstrates that Officer Sonsel attempted to use greater force than necessary to make the arrest. He specifically points to three instances of conduct by the officer: (1) Sonsel placed his hand on his pistol, (2) Sonsel called for back-up, and (3) Sonsel made the first aggressive move by attempting to pin Evans's arm behind his back. He also points to the fact that he repeatedly asked the officer if he was going to shoot him as evidence of a reasonable belief that the force used in defending himself was necessary.

■ The first two instances of evidence relied on by Evans—the touching of the weapon and calling for back-up—do not constitute the use or attempted use of force. The fact that the officer pulled Evans's arm behind his back does not constitute excessive

force because Evans had repeatedly told the officer that he would not allow himself to be arrested and was attempting to leave the officer's presence and enter the house. The reasonableness of Evans's belief that force was necessary is relevant only when he has established that Sonsel used or attempted to use greater force than necessary to make the arrest.

No evidence exists in the record to support the conclusion that Sonsel used greater force than necessary to affect the arrest. *See Pena v. State,* 725 S.W.2d 505 (Tex.App.–Corpus Christi 1987, no pet.). The trial court did not err in rejecting the self-defense instruction. This point of error is overruled.

## DEFENSE OF PROPERTY

Evans next contends that the trial court erred in refusing to instruct the jury on defense of property. Section 9.41 of the Texas Penal Code provides that:

(a) A person in lawful possession of land ... is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to prevent or terminate the other's trespass on the land or unlawful interference with the property.

Tex.Penal Code Ann. § 9.41 (Vernon 1974).

■ If a defensive issue is raised by the evidence, the defendant is entitled to have it submitted to the jury. *Woodfox,* 742 S.W.2d at 409. Evans suggests that the evidence raises the issue of defense of property in that the property was Evans's home, Sonsel did not have a warrant nor had he clearly seen the driver of the vehicle, Sonsel was not invited on the property, Evans repeatedly told Sonsel that he was on private property, and Sonsel placed his hand on his weapon.

■ But there is no evidence in the record to suggest that Evans used violence to prevent or terminate a trespass, or to prevent or terminate unlawful interference with

the property. Clearly, he used force to resist the attempted arrest. Evans never told Sonsel to get off the property and Sonsel never committed or threatened to commit any acts against the property.[2] In short, there is no evidence to establish that Evans used force to defend his property. The trial court did not err in refusing the defense of property instruction. This point of error is overruled.

## LEGALITY OF ARREST

■ Evans next contends that the trial court erred in failing to instruct the jury in regard to the legality of the arrest. But, as discussed above, the legality of the arrest is not relevant to the offense of aggravated assault of a peace officer or to the defensive issue of self-defense. Texas Penal Code Ann. § 9.31; *see Gonzalez,* 574 S.W.2d 135. This point of error is overruled.

## REASONABLE TIME TO EXAMINE CHARGE

■ Evans next contends that the trial court erred in refusing to allow defense counsel a sufficient time to review the jury charge. Under Articles 36.14 and 36.15 of the Code of Criminal Procedure, the defendant or his counsel should be given a reasonable time to review the jury charge and make any objections or request any additional instructions before the charge is read to the jury. Tex.Code Crim.Proc.Ann. arts. 36.14 & 36.15 (Vernon Supp.1994). Article 36.16 affords the defendant or his counsel the opportunity to make further objections if the court has made changes in the jury charge after the initial round of objections. Tex. Code Crim.Proc.Ann. art. 36.16 (Vernon 1981). The trial court has discretion in determining whether the defendant has been accorded reasonable time within which to make objections. *Mullins v. State,* 530 S.W.2d 113 (Tex.Crim.App.1975).

---

2. A person commits criminal trespass if he enters or remains on property of another without effective consent and he had notice that entry was forbidden or he received notice to depart but failed to do so. Tex.Penal Code Ann. § 30.05 (Vernon 1989 & Supp.1994). The civil law concept of trespass is more diverse and complex. It

entails the doing of an unlawful act or of a lawful act in an unlawful manner to the injury of another's person or property. *Waco Cotton Oil Mill of Waco v. Walker,* 103 S.W.2d 1071, 1072 (Tex.Civ. App.–Waco 1937, no writ) (quoted in Black's Law Dictionary 1503 (6th ed. 1990)).

Defense counsel contends that she had only ten minutes to review the jury charge and present her objections before the charge was read to the jury. Although the charge of the court was file marked at 6:06 p.m., the record reflects that the trial judge stated at 6:10 p.m. that both sides had possessed duplicates of the charge since 5:45 p.m., for a total of twenty-five minutes for review. The jury charge was only seven pages long.

Defense counsel did not then object to the court's recitation of the time allotted to review the charge but she did make an objection based on having insufficient time to review the charge and she did request one hour for review. The court then inquired whether she was prepared to make her objections to the proposed charge at that time and she responded that she could if she had to. Defense counsel then made her objections and presented her requested instructions, all of which the court had, in fact, already seen and ruled on in preparing its proposed charge.

On appeal, defense counsel contends that she was only given ten minutes to review the charge and that this amount of time was unreasonable under Article 36.15 of the Code of Criminal Procedure and *Gill v. State,* 521 S.W.2d 866 (Tex.Crim.App.1974). The record does not support the contention that counsel was only given ten minutes to review the charge. Furthermore, the *Gill* case is distinguishable from the present case. In *Gill,* the defense attorney was only given five minutes in which to submit written objections to the court. *Id.* at 866. At the time, objections were required, by Article 36.14 of the Code of Criminal Procedure, to be written and not simply dictated to the court reporter. *Id.* at 867. Since *Gill,* Article 36.14 has been amended to allow for the dictation of objections to the court reporter.

Twenty-five minutes was sufficient time for defense counsel to review a seven-page jury charge. Defense counsel has shown no disadvantage, such as an unmade but valid objection, resulting from the brief period allotted for review of the charge. We find that the trial court did not abuse its discretion by allowing twenty-five minutes for review of the seven-page charge. This point of error is overruled.

The judgment of the trial court is affirmed.