Kenneth COLEMAN, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 12–94–00283–CR.

Court of Appeals of Texas,
Tyler.

Oct. 31, 1996.

David Ingram, Longview, for appellant.

C. Patrice Savage, William M. Jennings, Longview, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

HOLCOMB, Justice.

A jury found Kenneth Coleman ("Appellant") guilty of aggravated assault with a deadly weapon and assessed his punishment at forty-six years' imprisonment after finding three prior felony enhancement paragraphs true. Appellant appeals his conviction and assigns three points of error in which he complains that the court excluded testimony which would demonstrate that the victim, Thomas Scott Newton ("Newton"), was an antagonistic worker with a penchant for making direct, racially offensive remarks to black people. We will **affirm**.

Appellant does not challenge the sufficiency of the evidence. However, we briefly recite the facts necessary to an understanding of the background in which the claimed points of error occurred.

On March 12, 1994, Appellant and Newton were working as a team at Fleetwood Travel Trailers in Longview. Their job was to place the roof on travel trailers within an allotted time frame. Newton is white; Appellant is black. Appellant and Newton worked with Courtney Hill ("Hill") and Debra Garrett ("Garrett"), who were installing electrical fixtures. Shortly before the lunch break, Newton accused Appellant of not doing his share of the work. Appellant and Newton had an argument, which was described as "some cursing and bickering." After the lunch break, Newton worked inside the trailer, but walked out onto the scaffolding which surrounded the trailer. He carried a screw gun in his hand. Chris Chapman ("Chapman"), Hill, and Garrett saw Appellant strike Newton unexpectedly in the head with the claw end of a hammer. Newton fell off the scaffolding. Chapman got between Appellant and Newton, and Appellant threatened to strike Chapman with the hammer. Prior to the assault and while Appellant and Newton were bickering back and forth, Appellant asked Newton to go outside and "duke it out" and Newton refused, stating he didn't want to lose his job. After the incident, Appellant told his supervisor that Newton had threatened him with the screw gun. Appellant did not testify. The court charged the jury on the theory of self-defense. Appellant groups all three points of error together for argument.

In his three points of error, Appellant alleges that the trial court erred in excluding the testimony of three defense witnesses, Larry Burton ("Burton"), Joy Austell ("Austell"), and Johnny Neal ("Neal"). In each

instance where Appellant proffered the witnesses' testimony at trial, the court found that the evidence was not relevant and determined that its probative value was outweighed by its prejudicial value. Appellant contends that the cumulative effect of the excluded testimony showed that Newton was an antagonistic worker who habitually made racially offensive remarks, and that the court should have admitted such testimony under Texas Rules of Criminal Evidence 404(a)(2) as evidence relating to the character of a victim. Appellant argues that the evidence of Newton's character is admissible to explain certain of Newton's acts, specifically, the "cursing and bickering" between Newton and Appellant, and the presence of a screw gun in Newton's hand at the time of the assault. We disagree.

Rule 404(a) provides that evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except: 1) evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same; 2) or evidence of peaceable character of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor. Tex.R.Crim. Evid. 404(a)(2). As a general rule, opinion and reputation testimony are the only forms of evidence admissible to prove character. Tex.R.Crim. Evid. 405; *Evans v. State*, 876 S.W.2d 459, 464 (Tex.App.—Texarkana 1994, no pet.). As an exception, evidence of specific acts of misconduct is admissible "in cases in which character or trait of character of a person is an essential element of a charge, claim, or defense,...." Tex. R.Crim. Evid. 405(a). However, "the justification theory of self-defense does not inquire into, as an essential element, the character of the victim." *Evans*, 876 S.W.2d at 464.[1]

Evidence which is not admitted as character evidence pursuant to Rule 404(a)(2) must be relevant in order to be admitted. "Evidence which is not relevant is inadmissible." Tex.R.Crim. Evid. 402. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tex.R.Crim. Evid. 401.

In his first point, Appellant complains that the trial court erroneously excluded the testimony of defense witness Burton concerning the character of Newton. Outside the presence of the jury, Burton, who is black, testified Newton had made racist remarks to him and another employee in the past. Burton was a former employee of Fleetwood and had worked with Appellant and Newton for three and a half months. However, Fleetwood terminated Burton several months prior to the assault, so Burton had no personal knowledge of the events on the day of the assault. He testified that Newton picked on people, and he had seen Newton throw staples on Appellant. Further, Burton stated that he occasionally felt provoked by Newton to the point that he considered using physical violence against Newton, but that Newton never threatened to use physical violence against him. Burton further testified that he did not know anything about the relationship between Newton and Appellant at the time of the assault and never saw any violent acts or threats between Appellant and Newton. Burton described Newton's act of throwing staples at Appellant as horseplay and picking.

Appellant contends that Burton's testimony was admissible because it would have helped prove that Newton had aggressive tendencies, that Newton was the aggressor in the present case, and that Appellant merely acted in self-defense. However, Burton's

---

1. Appellant argues that Rule 404(a)(2) allows evidence of the victim's peaceable character to explain some violent act of the victim. In support of his argument, Appellant cites *Dempsey v. State*, 159 Tex.Crim. 602, 266 S.W.2d 875, 878 (1954); *Dinkins v. State*, 760 S.W.2d 374, 377 (Tex. App.—Fort Worth 1988, pet. ref'd); and *Carrasquillo v. State*, 742 S.W.2d 104, 111 (Tex.App.— Fort Worth 1987, no pet.). However, the portion of Rule 404(a)(2) that deals with homicide cases is merely a codification of the rule set forth in *Dempsey*. *Fry v. State*, 915 S.W.2d 554, 560 (Tex.App.—Houston [14th Dist.] 1995, no pet. h.). Neither the cases nor the rule expands the admissibility of character evidence in a nonhomicide case.

testimony consisted solely of specific instances of Newton's conduct. Burton did not attempt to offer testimony regarding Newton's reputation for a particular pertinent character trait. The State did not raise the issue of Newton's character, and self-defense does not require proof of the victim's character as an essential element. Therefore, specific instances of Newton's conduct were not admissible to prove character.

■ Because Newton's conduct was not admissible to prove his character, the trial court should have admitted such evidence only if it was relevant to some fact of consequence at the trial. Burton's testimony only showed a relationship between Appellant and Newton several months before the incident in question. We agree with the trial court that Burton's own relationship with Newton and Newton's horseplay with Appellant which occurred months before the incident were not relevant to Appellant's self-defense theory. The trial court did not abuse its discretion in ruling that Burton's testimony was not relevant and therefore not admissible. We overrule Appellant's first point of error.

In his second point, Appellant complains that the trial court erroneously excluded the testimony of Austell, the personnel director of Fleetwood. Austell testified that Fleetwood's personnel records reflected that, during Newton's 1991 performance review, he was told to "learn how to get along with fellow employees without getting upset or mad." Austell testified that this yearly review was not a disciplinary document or a reprimand and could not be used as a termination factor.

■ Austell's testimony related to a performance review contained in Newton's personnel file. Like Burton's testimony, this review did not constitute evidence of Newton's character in reputation or opinion form. Thus, the performance review was not admissible to prove Newton's character. Likewise, Austell's testimony was not relevant absent some connection to the events that transpired on the day of the assault. We therefore overrule Appellant's second point of error.

In his third point, Appellant complains that the trial court erroneously excluded the testimony of Neal, a former employee of Fleetwood. Neal testified that he was employed by Fleetwood for three weeks, but that Fleetwood terminated him several months prior to the date of the assault. Neal testified that he was a black man and that he felt that there was a racial motive behind his termination. Neal stated that he had no knowledge about Newton. Neal further testified that although his supervisor, a Mr. Russell, had threatened him with physical violence, no other employee had ever made any racial remarks to him.

■ The trial court did not abuse its discretion by excluding Neal's testimony. Neal testified that he knew nothing about Newton or the events surrounding Appellant's attack on Newton. Therefore, he was not competent to testify as to Newton's character, and his testimony had no tendency to prove any fact of consequence. We overrule Appellant's third point of error.

The judgment of the trial court is **affirmed.**