Affirmed and Memorandum Opinion filed October 30, 2003















Affirmed and
Memorandum Opinion filed October 30, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-00553-CR

_______________

 

DAVID
GREATHOUSE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

________________________________________________________________________

 

On Appeal from County Criminal Court at Law No. 7

Harris County, Texas

Trial Court Cause No. 1051722

________________________________________________________________________

 

M E M O R A N D U M   O P I N I O N

            Appellant David Greathouse
appeals his conviction for resisting arrest, contending the evidence was legally
and factually insufficient to sustain his conviction.  We affirm.

Background

            Officer Jackson of the
Houston Police Department testified he was dispatched to an apartment complex
regarding an assault on March 29,
 2001.  Two apartment
complex employees told him appellant had pushed them in the leasing office
after appellant had been warned about his loud music.  Jackson then went
to appellant’s apartment to talk to him about the incident.  After appellant answered his door, Jackson asked him
to go downstairs to talk because Jackson felt
unsafe with a staircase behind him. 
Appellant refused.  Jackson noted that
appellant was speaking loudly and firmly, and he appeared to be under the
influence of “an unknown substance.”  Jackson told
appellant that if he was unwilling to come outside, they needed to talk
inside.  Appellant did not move from the
doorway, but asked if he was being arrested. 
Jackson responded
affirmatively and instructed him to turn around to be handcuffed.  Appellant clenched his arms and hands and did
not turn around.  Jackson called for
additional officers, continued to tell appellant to turn around, and began
shaking a bottle of pepper spray so that appellant could see it.  At that point, Jackson became
even more concerned for his safety because he saw two pocketknives on a table
in appellant’s apartment.  When appellant
still did not turn around after he was repeatedly asked to do so, Jackson
sprayed him in the face with pepper spray. 
Jackson waited to
see if appellant would cooperate, but appellant stepped back into the apartment
and then came toward Jackson.  Jackson entered
appellant’s apartment and began striking appellant with his flashlight while
ordering appellant to turn around. 
Appellant grabbed at Jackson, tearing
his shirt, and pushed him to the ground. 
The two continued to struggle, knocking over furniture and dislodging Jackson’s
equipment until additional officers arrived and appellant was eventually
handcuffed.  Jackson partially
ripped his bicep muscle during the struggle.

            In contrast to Jackson’s
testimony, appellant testified that Jackson never told
him to turn around or that he was under arrest. 
He also denied going toward Jackson, but
claimed Jackson pushed his
way into his apartment and began hitting him with a flashlight immediately
after Jackson suddenly
sprayed him with pepper spray.

Legal and Factual Sufficiency

            In appellant’s two issues, he
contends the evidence was legally and factually insufficient to support his
conviction because he acted in self-defense and defense of property.  The sufficiency of the evidence is measured
by the elements of the offense as defined by a hypothetically correct jury
charge for the case.  Malik v. State, 953 S.W.2d
234, 240 (Tex. Crim. App. 1998).  However, a defendant must request that a
defensive issue be included in the jury charge in order for the defensive issue
to be applicable to the case and therefore required in the charge.  Posey v. State, 966 S.W.2d 57, 62 (Tex. Crim.
App. 1998).  In this case,
appellant did not request and the trial court did not instruct the jury on the
defense of property issue.  Therefore, a
sufficiency review would be inappropriate. 
See Hernandez v. State, 10 S.W.3d 812, 822 (Tex. App.—
Beaumont 2000, pet. ref’d).  Because the trial court instructed the jury
on the issue of self-defense, we limit our review to this issue.

            A person acts in self-defense and is
justified in using force to resist an arrest if before the actor offers any
resistance, the peace officer uses or attempts to use greater force than
necessary to make the arrest and the actor believes the force is immediately
necessary to protect himself.  Tex. Pen. Code Ann. § 9.31(c) (Vernon
2003). In reviewing the legal sufficiency of the evidence
against a claim of self-defense, we review all the evidence in the light most
favorable to the prosecution and determine whether a rational jury could have
found the essential elements of the offense beyond a reasonable doubt and found
against appellant on the self-defense issue beyond a reasonable doubt.  Saxton v. State, 804 S.W.2d 910, 914 (Tex. Crim.
App. 1991).  We consider all the
evidence presented at trial, but we do not re-weigh the evidence or substitute
our judgment for that of the jury.  King v. State, 29 S.W.3d
556, 562 (Tex. Crim. App. 2000).  The jury alone determines the credibility of
the witnesses and the strength of the evidence. 
Fuentes v. State,
991 S.W.2d 267, 271 (Tex. Crim. App. 1997).   

            When we review a factual-sufficiency
challenge to the verdict based on the implicit rejection of a defense, we must
determine whether a neutral review of all the evidence demonstrates that the
proof of guilt is too weak to support the jury’s determination, or, although
adequate if taken alone, the evidence is against the great weight and preponderance
of the evidence.  Zuliani v. State, 97 S.W.3d 589,
595 (Tex. Crim. App. 2003). 

            First, appellant claims that “any”
use of force by Officer Jackson was greater than necessary to make the arrest
because the arrest was illegal.  It is no
defense to the offense of resisting arrest that the arrest was unlawful.  Tex. Pen. Code Ann. § 38.03(b) (Vernon 2003); see Tucker v. State, 114 S.W.3d 718,
722–23 (Tex. App.—Corpus Christi 2003, no pet. h.) (holding a
defendant must submit to an unlawful arrest even if the arrest occurs in
violation of the guarantee that people are secure in their homes from
unreasonable searches and seizures); Cail v. State,
2003 WL 21357288, at *2 (Tex. App.—Houston [1st Dist.] June 12, 2003, no pet. h.) (not designated for publication) (holding the
jury was correctly instructed that it could not consider whether the arresting
officer’s entry into the defendant’s home was lawful).  The legality of the arrest, therefore, is not
relevant to the defensive issue of self-defense.  Evans v. State, 876 S.W.2d 459, 465 (Tex. App.—Texarkana 1994, no
pet.).

            Appellant also claims Jackson used more
force than was required to make the arrest when he sprayed appellant with
pepper spray and hit him with a flashlight. 
Further, appellant claims his acts of grabbing at and pushing Jackson were necessary to protect himself.  Viewing the evidence in the light most
favorable to the verdict, the jury could have found that appellant did resist
arrest and Jackson did not use greater force than necessary to make the arrest
before appellant offered any resistance. 
Jackson testified
that he used pepper spray only after appellant repeatedly refused to comply
with Jackson’s
requests.  Additionally, appellant
appeared to be drugged or intoxicated and clenched his arms and hands in a
defensive stance when Jackson told him
he was being arrested.  Jackson testified
that he evaluated the situation and after considering the presence of
pocketknives inside the apartment and the staircase outside, he concluded the
use of pepper spray was appropriate.  Jackson further
testified that he began hitting appellant with his flashlight only after he
waited to see if appellant would cooperate. 
Appellant admitted to struggling with Jackson and
pushing him down while Jackson was trying
to arrest him.  Based on this evidence, a
jury could conclude that appellant resisted arrest and Jackson did not
use greater force than was necessary to make the arrest before appellant
offered any resistance.  See Evans v. State, 876
S.W.2d 459, 466–65 (Tex. App.—Texarkana 1994, no pet.) (holding an
officer did not use excessive force when he pulled the defendant’s arm behind
his back after the defendant repeatedly told the officer he was not going to
jail and he began walking toward his house).

            Having found the evidence legally
sufficient, we consider all the evidence to determine whether the verdict is
against the great weight and preponderance of the evidence.  In support of his self-defense theory, appellant
testified that Jackson did not
tell appellant he was under arrest, nor did Jackson order him
to turn around before Jackson
unexpectedly sprayed him with pepper spray. 
Appellant also denied going toward Jackson before Jackson hit him
with the flashlight.  By finding
appellant guilty, the jury implicitly rejected appellant’s claim he was acting
in self-defense.  Zuliani, 97
S.W.3d at 594.  The jury is the
sole judge of the weight and credibility of witness testimony, and they
apparently found Jackson’s
testimony to be credible.  See Santellan v.
State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). 
The evidence is not rendered factually insufficient because the jury
resolved conflicting facts in the State’s favor.  Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim.
App. 1997).  The jury did not believe
Jackson used
greater force than necessary to make the arrest before appellant resisted, and
this conclusion is not contrary to the great weight and predonderance
of the evidence.

            We overrule appellant’s issues.  Accordingly, the judgment of the trial court
is affirmed.

 

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed October 30, 2003.

Panel
consists of Chief Justice Brister and Justices
Anderson and Seymore.

Do Not
Publish — Tex. R. App.
P. 47.2(b).