IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00106-CV

 

Kenneth Frazier,

                                                                      Appellant

 v.

 

Citibank South Dakota, N.A.,

                                                                      Appellee

 

 



From the County Court at Law No.
2

Brazos County, Texas

Trial Court No. 03-002056-CV-CCL2

 



MEMORANDUM  Opinion



 








      Frazier brings this restricted appeal of
the trial court’s default judgment.  See Tex. R. App. P. 30; Tex.
R. Civ. P. 239.  We reverse.

      In Frazier’s first issue, he contends that
the trial court erred in rendering default judgment after Frazier had filed an
answer.  In Frazier’s second issue, he contends that the trial court erred in
rendering default judgment without notice to Frazier.  Frazier contends that he
filed his answer at 10:30 A.M. on his appearance day, and that the trial court
rendered judgment fifteen days later.  See Tex. R. Civ. P. 237.  Citibank does not contest this.  See
Tex. R. App. P. 38.1(f).  The
trial court erred.  See Tex. R.
Civ. P. 21a, 239, 245; Davis v. Jefferies, 764 S.W.2d 559, 560 (Tex. 1989) (per curiam); Cliff v. Huggins, 724 S.W.2d 778, 779 (Tex. 1987).  We sustain
Frazier’s issues.  

      Having sustained Frazier’s issues, we
reverse and remand for further proceedings.

TOM GRAY

Chief
Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice
Reyna

Reversed
and remanded

Opinion
delivered and filed June 22, 2005

[CV06]






no. 25,229). Vallian presents one point on appeal. 
Vallian claims that it was the intent of the trial court that two sentences run concurrently and
the third run consecutively after the expiration of the first two, as expressed in the court’s oral
pronouncement. However, the written order provides that all three run consecutively. He
requests that we reform the judgment revoking probation to reflect the oral pronouncement of
the trial court.
      In 1993, Vallian pleaded guilty and was sentenced to ten years confinement for each
offense. The court suspended imposition of sentence and placed him on probation for ten
years. The State filed a Motion to Revoke in November 1999. The court granted the Motion
to Revoke in all three causes and orally pronounced sentence that causes 25,120 and 25,230
would run concurrently and that cause 25,229 would run consecutively from the end of the
time of incarceration for the other two causes. The written orders effectively provide that the
sentences would run consecutively. Vallian appealed in March 2000. Subsequently, the trial
court entered a nunc pro tunc order on June 6, 2000, purporting to correct the conflict between
the oral pronouncement and the judgment revoking probation. 
      The purpose of a nunc pro tunc order is to correctly reflect the judgment actually made by
the court when not entered correctly. Ex parte Dopps, 723 S.W.2d 669, 670 (Tex. Crim.
App. 1986). A nunc pro tunc order may be used to correct clerical errors in a judgment, not
judicial admissions. Alvarez v. State, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980). An
error in entry of judgment is considered “clerical” so long as it is not a product of judicial
reasoning. Id. The trial court must also have jurisdiction to enter a nunc pro tunc order. 
Notice of Appeal by the defendant divests the trial court of jurisdiction to enter a nunc pro tunc
order. Ex parte Sisk, 317 S.W.2d 750, 751 (Tex. Crim. App. 1958). The trial court is
without jurisdiction to correct the clerical error in the record until the appeal is final. 
Bradshaw v. State, 331 S.W.2d 52, 53 (Tex. Crim. App. 1959). Absent appeal, the trial court
may at any time make clerical corrections in a judgment and sentence, nunc pro tunc. State v.
Evans, 817 S.W.2d 807, 809 (Tex. App.—Waco 1991, rev’d on other grounds, 876 S.W.2d
459 (Tex. Crim. App. 1992) (citing Alvarez, 605 S.W.2d at 617). 
      Vallian filed his Notice of Appeal prior to the nunc pro tunc order and consequently
divested the trial court of jurisdiction to enter a nunc pro tunc order. The nunc pro tunc order
signed in this case is void. 
      The Texas Court of Criminal Appeals recently held that when there is a variation between
the oral pronouncement of sentence and the written memorialization of the sentence, the oral
pronouncement controls. Coffey v. State, 979 S.W.2d 326, 329 (Tex. Crim. App. 1998). 
      In Vallian’s case, the oral pronouncement of sentence conflicts with the written order. 
According to Coffey, the oral pronouncement of sentence by the trial court controls over the
written order in this case and the written order should be modified.
      Appellate courts are authorized to modify judgments to make the record speak the truth. 
Campos v. State, 927 S.W.2d 232, 236 (Tex. App.—Waco 1996, no pet.)(citing French v.
State, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992)). Where the appellate court has evidence
and information before it for modification, the judgment may be modified to reflect the
sentence pronounced. Banks v. State, 708 S.W.2d 460 (Tex. Crim. App. 1986). In this case,
the reporter’s record reflects that the oral pronouncement of the trial judge intended to
cumulate cause nos. 25,120 and 25,230, then have cause no. 25,229 run consecutively from
the completion of sentence on the first two causes.
      Accordingly, we sustain appellant’s first point and modify the judgment to state: 
“the sentences in cause numbers 25,120 and 25,230 shall run concurrently. The
sentence in cause number 25,229 shall begin when the sentences in cause numbers
25,120 and 25,230 shall have ceased to operate.”
We affirm the judgment as modified.
 
                                                                   REX D. DAVIS
                                                                   Chief Justice

Before Chief Justice Davis
            Justice Vance and
            Justice Gray
Affirmed as modified
Opinion delivered and filed October 11, 2000
Do not publish