# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00534-CR

**Daniell Mya Jones, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE COUNTY COURT AT LAW OF COMAL COUNTY**
**NO. 2003CR1586, HONORABLE CHARLES A. STEPHENS, II, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury found appellant Daniell Mya Jones guilty of theft and assessed punishment at sixty days' incarceration and a $1,102 fine. *See* Tex. Pen. Code Ann. § 31.03(a), (e)(3) (West Supp. 2004-05). In her only point of error, appellant complains that she was not given a reasonable opportunity to object to the court's charge at the guilt-innocence stage because the court failed to hold a charge conference before argument began. We overrule the point and affirm the conviction.

After jury selection was completed on August 2, 2004, the court gave appellant (who was representing herself after waiving her right to counsel) a copy of the proposed charge and advised her that any objections or requests for additional instructions would be considered before testimony began on August 5. Appellant did not object to this plan. On August 5, the court asked

the parties if there were any objections to the charge. Appellant stated that she had no objections. After two State witnesses testified, both sides rested and closed. The court then read the charge to the jury without objection.

Before the charge is read to the jury, "the defendant or his counsel shall have a reasonable time to examine the same and he shall present his objections thereto . . . ." Tex. Code Crim. Proc. Ann. art. 36.14 (West Supp. 2004-05). In *Gill v. State*, 521 S.W.2d 866, 867 (Tex. Crim. App. 1974), cited by appellant, the defendant was given only five minutes to examine the charge. The court of criminal appeals concluded that the trial court had abused its discretion by not affording the defense a reasonable time to object to the charge. In the cause before us, appellant had three days to examine the proposed charge and prepare any objections or requests.

Appellant urges that it is not reasonable to ask for objections to the charge before the evidence has been adduced, arguing that it is impossible to know what instructions will be needed until the evidence is heard. But the only instruction appellant says was omitted from the charge in this cause was the admonition not to consider her failure to testify as evidence of guilt. It is likely that appellant knew before testimony began that she would not testify.

Because appellant did not attempt to object or request additional instructions after testimony concluded, we do not decide whether it would be an abuse of discretion to refuse to hear objections to the charge at that time. We hold only that on this record, appellant was given a reasonable time to examine the charge and no abuse of discretion is shown. Moreover, if there was error, it did not affect a substantial right. *See* Tex. R. App. P. 44.2(b).

The point of error is overruled and the judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   September 21, 2005

Do Not Publish

3