Ruben GONZALEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 56548.

Court of Criminal Appeals of Texas, Panel No. 2.

Dec. 13, 1978.

---

Gene A. Garcia, Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty. and Richard Silvas, Asst. Dist. Atty., Corpus Christi, for the State.

Before ODOM, PHILLIPS and DALLY, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for aggravated assault on a peace officer. The punishment is imprisonment for three years.

It is the appellant's contention that the evidence is insufficient to show that the peace officer was engaged in the discharge of his official duties at the time of the assault and that he was entitled to an instructed verdict of acquittal. It is also his contention that the trial court improperly refused to instruct the jury on the requirements of a lawful arrest without a warrant.

The appellant was involved in a fight on a dance floor at a Knights of Columbus Hall in Robstown. A security officer escorted the appellant out of the building and called the constable's office for assistance. The complainant, a deputy constable, responded to the call. The security officer pointed to the appellant and told the deputy constable that appellant was one of the persons who engaged in the fight. The officer approached the appellant and told him he was under arrest. The appellant ran and as the deputy constable pursued the appellant turned and threw a knife at the deputy constable, wounding him in the abdomen. The deputy constable required hospital treatment for his wound.

V.T.C.A. Penal Code, Sec. 22.02, provides in pertinent part:

"(a) A person commits an offense if he commits assault as defined in Section 22.-01 of this code and he:

\* \* \* \* \* \*

"(2) causes bodily injury to a peace officer *in the lawful discharge of official duty* when he knows or had been informed the person assaulted is a peace officer;

\* \* \* \* \* \*

"(b) The actor is presumed to have known the person assaulted was a peace officer if he was wearing a distinctive uniform indicating his employment as a peace officer." [Emphasis added.]

The appellant urges that the deputy constable was not in the lawful discharge of his official duty, because the arrest without a warrant was unlawful. Even if the appel-

lant's contention is correct that the arrest was unlawful, his contention that the officer was not in the lawful discharge of an official duty is without merit. The appellant relies upon *George v. State*, 506 S.W.2d 275 (Tex.Civ.App. Houston 1st Dist.1974) and *Crow v. State*, 152 Tex.Cr.R. 586, 216 S.W.2d 201 (1949). These cases were decided before the new penal code became effective and are no longer applicable. They held that since a person had a right to resist an unlawful arrest, a peace officer making an unlawful arrest was not acting in the lawful discharge of his duty.

V.T.C.A. Penal Code, Sec. 38.03 provides that a person may not lawfully resist an unlawful arrest.[1] It is now a criminal offense to resist an officer even though he may be making an unlawful arrest. The reasoning used to support the holdings in *George v. State*, supra, and *Crow v. State*, supra, is no longer viable because of the change brought about by Sec. 38.03. Regardless of whether the appellant's arrest was lawful or unlawful, the deputy constable was in the lawful discharge of his duty when he attempted to arrest appellant. It follows that the appellant was not entitled to an instructed verdict of acquittal and was not entitled to a jury instruction on the requirements of a lawful arrest without a warrant.

The judgment is affirmed.

---

1. V.T.C.A. Penal Code, Sec. 38.03(a) and (b) provide:

"(a) A person commits an offense if he intentionally prevents or obstructs a person he knows is a peace officer or a person acting in a peace officer's presence and at his direction from effecting an arrest or search of the actor or another by using force against the peace officer or another.

"(b) It is no defense to prosecution under this section that the arrest or search was unlawful."