**Albert Rowe BRIGHT, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49167.**

Court of Criminal Appeals of Texas.

Dec. 4, 1974.

Max Blankenship, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Donald N. Turner and William E. Burdock, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for threat to inflict serious bodily injury. Punishment was assessed by the jury at one (1) year in jail and a fine of Two Hundred and No/100 Dollars ($200.00).

Appellant contends he was denied a reasonable length of time to examine the court's charge and to make his objections thereto in writing as required by law.

The record reflects the following occurred relative to appellant examining the court's charge and making his objections thereto:

"THE COURT: . . . I have prepared the Court's charge and have supplied it to the Lawyer for the State and the Lawyer for the defense.

"Does the defense have any objection to the charge?

"MR. BLANKENSHIP [appellant's counsel]: Your Honor, we do have objections to the charge.

"THE COURT: All right.

"MR. BLANKENSHIP: We object to dictating our objections to the Court's charge into the record and not submit-

ting them in written form as contemplated by the rules provided by the Texas Code of Criminal Procedure. I want to object to being required to make my objections to the Court's charge in this manner. It does not insure adequate protection to the defendant of his right to appeal in the event he should be convicted, and it cuts off his right to raise objections to the Court's charge as contemplated by law.

"Your Honor, I was handed a copy of the Court's charge at 9:15 P.M., and it is now 9:20 P.M. I suggest that it would take me possibly two hours to reduce to written form my objections in a manner which would be orderly and so that the Court would understand, and I request that we be allowed that additional length of time.

"THE COURT: You don't want to state your objections right now?

"MR. BLANKENSHIP: I'm not going to disobey a Court order, but—

"THE COURT: I'm not going to argue with you, Mr. Blankenship, but I am giving you an opportunity to *state* your objections to the charge as to what you feel should be added or deleted from the charge." (Emphasis supplied)

The pertinent portion of Art. 36.14, Vernon's Ann.C.C.P., provides:

"Before said charge is read to the jury, the defendant or his counsel *shall* have a reasonable time to examine the same and he *shall* present his objections thereto in writing, distinctly specifying each point of objection." (Emphasis supplied)

The first "shall," in Art. 36.14, V.A.C. C.P., designed for the protection of the accused and essential if the accused is to be accorded a reasonable opportunity to comply with the second "shall," likewise cannot be ignored or emasculated. Both are mandatory and of both we must require strict compliance.

The trial court has discretion in determining when a defendant has been accorded a "reasonable time," and a defendant will not be permitted to abuse his right to a "reasonable time" by waiting until he has had sufficient time and then asserting his right to an additional period of "reasonable time." In the instant case no such abuse is shown. The court advised appellant that he was affording him "an opportunity to *state* your objections to the charge" (emphasis supplied). We find that the court abused its discretion in refusing any reasonable time to appellant to reduce his objections to writing, and that such abuse of discretion constitutes a serious deprivation of appellant's rights and requires reversal.[1]

The judgment is reversed and the case remanded.

Opinion approved by the Court.

---

1. By our holding that the court abused its discretion in refusing appellant any reasonable time to reduce his objections to writing, we are not suggesting that the two hours requested by appellant should have been granted, nor do we make any suggestion as to what would constitute "reasonable time." Obviously, "reasonable time" is going to depend upon the circumstances in each individual case.