Robert Gene **LEWIS**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–87–023–CR.

Court of Appeals of Texas, Fort Worth.

Jan. 28, 1988.

Gilfeather, Parker & Griffin, and Pete Gilfeather, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and David L. Richards, Asst. Dist. Atty., Fort Worth, for appellee.

Before FENDER, C.J., and HILL and FARRIS, JJ.

## OPINION

FARRIS, Justice.

Appellant, Robert Gene Lewis, appeals his conviction for driving while intoxicated. *See* TEX.REV.CIV.STAT.ANN. art. 6701l–1 (Vernon 1977). Trial was to the jury, who returned a verdict of guilty. The court assessed punishment at six months in jail and a fine of $500. Appellant was then given two years on probation with the additional requirement of obtaining comprehensive alcohol treatment.

We reverse the judgment and remand the cause for new trial.

Appellant raises four points of error. The first point pertains to the amount of time allotted to his attorney to inspect the court's charge and make objections thereto. The other three points relate to alleged flaws in the court's charge. We will address only appellant's first point since that point alone mandates reversal and a new trial.

Appellant's first point asserts that the trial court failed to allow appellant's counsel adequate time to inspect the court's charge and to make objections and requests for instructions prior to the time the charge was submitted to the jury. After the defense closed, the following exchange between the court and appellant's counsel took place.

MR. GILFEATHER: Your Honor, may we have an opportunity to look at the charge?

THE COURT: It's a plain vanilla. I'm not going to change it, whatever objections you made.

MR. GILFEATHER: Your Honor, I realize it's getting late in the day, but I would like to have. . . .

THE COURT: If you have requests for additions or deletions, we'll take that up later on. Let's go ahead. Bring the jury in.

MR. GILFEATHER: We'd object to that decision by the Court and we'd like to have an opportunity to perfect our objections and request the charges at this time.

THE COURT: You understand I'm going to allow you to do all that at a later time and we'll take it. . . .

MR. GILFEATHER: Yes, Your Honor, but I don't believe the case law takes it as time when it's done in that matter [sic] and that's why we're requesting an opportunity to go over the charge now.

THE COURT: Okay. Let's have the jury.

The record reflects that this exchange took place between 3:25 p.m. and 3:30 p.m.

After the jury retired, the following exchange between the court and counsel took place:

THE COURT: The jury will retire and commence the deliberations. When you've reached a verdict, fill out the proper form that's on the Court's charge, knock on the door and Mr. Black will bring you back in the courtroom.

(Jury retires at 4:15 to deliberate.)

THE COURT: Make sure any objections to the Court's charge by the defense are timely filed.

MR. GILFEATHER: Your Honor, first of all I'd like the record to reflect that the first time I had an opportunity to read the Court's charge was when the Court was reading it to the jury.

THE COURT: The record will reflect that it's a standard, plain, vanilla charge that you've seen more than the court has, most likely.

The pertinent part of TEX.CODE CRIM.PROC.ANN. art. 36.14 (Vernon 1981) (emphasis added) provides:

Before said charge is read to the jury, the defendant or his counsel *shall* have a reasonable time to examine the same and he *shall* present his objections thereto in writing, distinctly specifying each ground of objection.

The amount of time allotted to the accused or his counsel to inspect the charge is a matter within the trial court's discretion. *See Bright v. State,* 516 S.W.2d 193, 194 (Tex.Crim.App.1974). What constitutes

"reasonable time" is determined on a case-by-case basis. *See id.,* n. 1.

The record in this case clearly shows that defense counsel was not allowed any opportunity to examine the court's charge before it was read to the jury. Like the *Bright* court, we find that this refusal to grant *any* inspection of the charge at the proper time was an abuse of discretion. As such, it constitutes a serious deprivation of appellant's rights and warrants reversal. Appellant's first point of error is sustained.

The judgment is reversed and the case remanded for a new trial.