

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00455-CR
### NO. 02-15-00456-CR

DERRICK LAMONT WHITE                                                      APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

----------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NOS. 1417156D, 1417157D

----------

## MEMORANDUM OPINION[1]

----------

In three points, Appellant Derrick Lamont White appeals his convictions for misdemeanor deadly conduct and unlawful possession of a firearm. *See* Tex. Penal Code Ann. §§ 22.05(a), 46.04(a) (West 2011). We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## Background

On June 6, 2015, Emmanuel Delgadillo and his girlfriend drove to his uncle's house in south Fort Worth to attend a high school graduation celebration. When he arrived, Delgadillo parked his pickup in front of Appellant's house, which was located directly across the street from Delgadillo's uncle's house. As Delgadillo exited his pickup, Appellant, who was sitting on the front porch of his house, told Delgadillo to move his vehicle.

When Delgadillo asked why, Appellant responded, "This is my f*****g property." After Delgadillo replied that the street was public property, Appellant retreated inside his house and emerged seconds later carrying a gun. As he walked toward Delgadillo, he loaded the magazine for the gun and said, "One by one." Delgadillo hastily returned to his pickup and moved it.

According to Delgadillo, he felt the situation was serious and he felt that Appellant had used the gun to threaten him with imminent bodily injury. He also feared for the safety of his family and the neighbors. After Delgadillo arrived safely in his uncle's backyard, Delgadillo called 9-1-1.

When Officers Allison Milner[2] and Cooper Madigan of the Fort Worth Police Department (FWPD) arrived on the scene, Appellant was sitting in front of his house with an open beer bottle. As soon as Appellant saw Officer Milner

---

[2]Officer Milner was wearing a body camera that recorded her interactions with Appellant, Appellant's wife, Delgadillo, and the other witnesses present. The video recording was admitted into evidence and played for the jury.

approaching, he moved his left hand behind the pillar of the porch. Officer Madigan, who had approached the porch from the side, saw that there was a gun behind the pillar, so he drew his own weapon and pointed it at Appellant. Officer Madigan then took possession of Appellant's gun while Officer Milner gathered basic information from Appellant, including his name and birthdate. After Officer Milner input this information into her patrol vehicle's computer, she determined that Appellant was a convicted felon.

After speaking with Appellant, Delgadillo, and his family members, Officer Milner placed Appellant under arrest.[3] While Officer Milner escorted Appellant to her patrol car in handcuffs, Appellant yelled across the street to Delgadillo and his family members, "You're scared as a m*****f****r" and "Y'all gonna see me again."

Appellant was charged with aggravated assault with a deadly weapon and unlawful possession of a firearm. Each charge included a repeat offender notice based on a prior conviction for possession of a controlled substance. The jury found Appellant guilty of unlawful possession of a firearm and the lesser-included offense of misdemeanor deadly conduct. He was sentenced by the trial court to one year of confinement on the deadly conduct conviction and twelve years' confinement on the unlawful possession conviction.

---

[3]When Officer Milner turned to walk across the street and speak to Delgadillo, the video depicts Appellant making a hand gesture that Officer Milner recognized as symbolizing a vagina and interpreted as Appellant calling Delgadillo a "pussy."

**Discussion**

Appellant brings three points on appeal. In his first point, Appellant argues that the trial court did not provide his counsel an opportunity to object to the proposed jury charge. In his second point, Appellant argues that the trial court improperly commented on the evidence by including an instruction on voluntary intoxication. And in his final point, Appellant argues that the trial court erred by sentencing Appellant as a repeat offender because his prior conviction was not final prior to each element of the offense of conviction in this case.

## I. Opportunity to object to jury charge

The record reflects that at the conclusion of the testimony of the State's final witness, Appellant's counsel moved for an instructed verdict on the aggravated assault charge. The trial court denied Appellant's motion and then began to discuss the jury charge with the attorneys. During that brief discussion, the State identified an error in the proposed charge relating to the instruction of unlawful possession of a firearm, and the trial court paused the proceedings in order to correct the instruction. Shortly thereafter, the jury was brought back into the courtroom, and the State and Appellant both rested and closed. The trial court then read the jury charge aloud.

At no point did Appellant's counsel raise an objection, request an opportunity to raise an objection, or object to the refusal of the trial court to permit him to raise any objection to the court's charge. By failing to object or otherwise alert the trial court to his desire to object to the proposed jury charge, Appellant

4

has forfeited his right to complain on review. *See* Tex. R. App. P. 33.1(a); *Compare Khempecth v. State*, No. 05-03-00426-CR, 2004 WL 2580178, at *2 (Tex. App.—Dallas Nov. 15, 2004, no pet.) (not designated for publication) (holding appellant failed to preserve argument that the trial court did not allow her an opportunity to object to the jury charge where she never objected during trial), *and Motley v. State*, No. A14-93-00478-CR, 1995 WL 227931, at *1 (Tex. App.—Houston [14th Dist.] Apr. 13, 1995, pet. ref'd) (op. on reh'g, not designated for publication) (holding appellant failed to preserve objection to trial court's alleged failure to allow a reasonable time to review the charge), *with Bright v. State*, 516 S.W.2d 193, 194 (Tex. Crim. App. 1974) (holding trial court abused its discretion in not allowing defendant time to submit written objections to the jury charge where the defendant had objected to the trial court's refusal to allow such time). We overrule Appellant's first point.

## II. Instruction regarding voluntary intoxication.

Appellant argues in his second point that the trial court improperly commented on the evidence by instructing the jury on voluntary intoxication because, according to Appellant, there was no evidence to support the submission. Specifically, the jury charge included an instruction that tracked penal code section 8.04(a), stating, "You are instructed that voluntary intoxication is not a defense to the commission of a criminal offense." Tex. Penal Code Ann. § 8.04(a) (West 2011).

5

"[A]ll alleged jury-charge error must be considered on appellate review regardless of preservation in the trial court." *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). In our review of a jury charge, we first determine whether error occurred; if error did not occur, our analysis ends. *Id.*

The trial court must charge the jury "fully and affirmatively on the law applicable to every issue raised by the evidence, whether such evidence be produced by the [S]tate or the defense and whether it be strong or feeble, unimpeached, or contradicted." *Kibbe v. State*, 112 S.W.2d 733, 734 (Tex. Crim. App. 1938). Thus, the inquiry before us is whether the evidence adduced at trial raised the issue of Appellant's voluntary intoxication so as to warrant an instruction. *See Taylor v. State*, 856 S.W.2d 459, 471 (Tex. App.—Houston [1st Dist.] 1993), *aff'd by Taylor v. State*, 885 S.W.2d 154 (Tex. Crim. App. 1994).

In response to cross-examination by Appellant's counsel, Officer Madigan testified that there was a beer on the porch in front of Appellant when he and Officer Milner arrived. And when asked by Appellant's counsel, "Did it look like he maybe had—had a couple of drinks that day?" Officer Madigan responded, "I believe so." Officer Milner also testified that she observed an open beer bottle directly in front of Appellant when she arrived. That beer can be seen on the video recorded by Officer Milner's body camera when she arrived on the scene and asked Appellant, "You drinking beer?" Appellant's counsel later relied on this evidence in his closing argument when he argued, "What he was doing out

6

there was silly and was stupid. Okay? Yeah, he probably had a few drinks, but that does not mean that he intended to kill anyone out there."

Additionally, as Officer Milner was leading Appellant to the patrol car, she asked Appellant if he had been smoking marijuana that day. Officer Milner testified at trial that her question was prompted by the fact that she could "smell it on him." She also testified that Officer Madigan later found a joint on the front porch where Appellant had been sitting.

The court of criminal appeals has held that "if there is evidence from any source that might lead a jury to conclude that the defendant's intoxication somehow excused his actions, an instruction is appropriate." *Taylor*, 885 S.W.2d at 158. *Taylor* acknowledges that such an instruction is proper even where the evidence is "slight." *Id.* The evidence in this case, combined with Appellant's reliance on that evidence during final argument in an attempt to explain or excuse his behavior, is sufficient to warrant an instruction on voluntary intoxication under section 8.04(a). *See Taylor*, 885 S.W.2d at 158 (holding that intoxication instruction was warranted even though defendant had not relied on evidence of marijuana use to excuse her actions); *Hartwell v. State*, 476 S.W.3d 523, 539 (Tex. App.—Corpus Christi 2016, pet. ref'd) (holding intoxication instruction was warranted based on Appellant's admissions to drinking on the night of the incident and despite his statement that he was not "that impaired"); *Whipple v. State*, 281 S.W.3d 482, 502 (Tex. App.—El Paso 2008, pet. ref'd) (holding intoxication instruction was warranted where Appellant stated she had

7

drunk "too much" just prior to shooting she claimed was accidental). We therefore overrule Appellant's second point.

## III. Repeat offender enhancement

In his final point, Appellant argues that the trial court erred in sentencing him as a repeat offender because the prior conviction used to enhance the conviction was not final prior as to each element of the offense of conviction of unlawful possession of a firearm.

Appellant had two prior felony convictions, both bearing the same date of conviction. Appellant was charged with unlawful possession of a firearm based on the December 4, 2007 felony conviction for possession of a controlled substance of one gram or more of methamphetamine. The repeat offender notice included in the indictment alleged that Appellant had also been convicted of felony possession of a controlled substance of between four and 200 grams of cocaine on December 4, 2007. Appellant pleaded true to the repeat offender enhancement.[4]

Penal code section 46.04 provides that a person who has been convicted of a felony commits an offense if he possesses a firearm "after conviction and

---

[4]Appellant argues that his plea of true is not fatal because the indictment was defective on its face and could not support the enhancement of Appellant's sentence. *See Ex parte Rich*, 194 S.W.3d 508, 512–13 (Tex. Crim. App. 2006) (holding applicant did not forfeit claim to challenge illegal sentence by pleading true to the enhancement paragraphs where the record affirmatively reflects that the enhancement is itself improper). The State does not dispute this statement of the law.

8

before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later." Tex. Penal Code Ann. § 46.04(a)(1) (West 2011). Appellant argues that the date of the conviction for possession of methamphetamine—as the underlying felony conviction—is an essential element of the charge for unlawful possession of a firearm, and any felony used for repeat offender enhancement must pre-date the conviction for possession of methamphetamine.[5] Appellant admits in his brief that this argument is novel and not supported by existing case law.

---

[5]In his brief Appellant states, as the premise of his argument, that "(i)n order to prove the offense of [f]elon in [p]ossession, the state was required to prove, as an essential element, that Appellant had the felony conviction from December 4th, 2007." He then argues that

> [in] order to validly enhance this offense, the state must then prove, as they alleged in the indictment, that **prior to this offense**, including each of its essential elements, Appellant was finally convicted of the repetition felony alleged. Because an essential element of the [f]elon in [p]ossession charge was the December 4th, 2007 conviction, the state would have to prove that prior to that date he had a final felony conviction.

Thus, he argues that

> [t]he instant repetition paragraph was improper because the offense alleged as a prior felony was not prior to the essential element of the date of conviction of the underlying offense . . . [t]hus, the repetition count, on its face, was defective and could not support the enhancement of Appellant's sentence.

9

Appellant bases his argument upon a faulty premise. As the court of criminal appeals has held, the date of the underlying conviction is not an essential element of the crime of unlawful possession of a firearm. *State v. Mason*, 980 S.W.2d 635, 641 (Tex. Crim. App. 1998). In *Mason*, the court of criminal appeals held that the Legislature did not intend for the date of the prior conviction to be considered an element of section 46.04, but rather only the defendant's status as a felon is an element of section 46.04. *Id.* Because the date of the underlying conviction is not an essential element of the crime of unlawful possession of a firearm, any analysis that is based upon a premise to the contrary must also fail. For that reason, we overrule Appellant's third point.

## Conclusion

Having overruled Appellant's three points, we affirm the judgment of the trial court.

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL:  MEIER, GABRIEL, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 17, 2016

10